

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

LTG/JJD

*610 Federal Plaza*
*Central Islip, New York 11722*

October 25, 2017

**VIA ECF**
The Honorable Leonard D. Wexler
United States District Court
Eastern District of New York
940 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Spota/McPartland
                Criminal Docket No. 17-CR-587 (LDW)

Dear Judge Wexler:

The government submits this letter in support of its application for significant, secured bonds and stringent conditions of pre-trial release for the defendants Thomas J. Spota and Christopher McPartland, which will both reasonably assure the defendants' appearances and prevent further acts of obstruction of justice, as there is a serious risk that the defendants will continue to obstruct or attempt to obstruct justice, and continue to threaten, intimidate or attempt to threaten or intimidate prospective witnesses without these conditions.

FACTUAL BACKGROUND

On December 14, 2012, an individual (John Doe) was arrested on suspicion of burglarizing motor vehicles, including a motor vehicle issued to and possessed by Burke. Thereafter, John Doe was transported to the Fourth Precinct of the Suffolk County Police Department (SCPD), placed inside of an interview room, and handcuffed to a permanent fixture inside of the room. Later that day, Burke and other members of the SCPD entered the interview room and assaulted John Doe. Thereafter, John Doe confessed to the break-in of the vehicle.

Initially, the Government Corruption Bureau ("GCB") of the SCDAO, which was supervised by defendant McPartland, who reported directly to defendant Spota, prosecuted John Doe, even though GCB, as the name suggests, prosecuted public corruption cases. Thereafter, John Doe alleged that his confession was involuntary because, in part, he had been assaulted by Burke, thus a special prosecutor was assigned to the prosecution.

In April 2013, the United States Attorney's Office for the Eastern District of New York (USAO-EDNY) and the Federal Bureau of Investigation (FBI) initiated a federal grand jury investigation of the December 14, 2012 assault of John Doe. Thereafter, the scope

of the federal investigation was expanded to include the investigation of obstruction and attempted obstruction of justice offenses, which investigation continued until the date of today's indictment. On June 25, 2013, FBI special agents served members of the SCPD with federal grand jury subpoenas, and, that same day, defendants Spota and McPartland were informed of both the existence of the federal investigation and the service of the federal grand jury subpoenas, and began their four-year attempt to obstruct that investigation.

As alleged in the indictment, between December 2012 and the present, defendants Spota and McPartland, together with others, including Burke, and other members of the SCPD, had numerous meetings and telephone conversations wherein they discussed the assault of John Doe, John Doe's allegations against Burke, and the federal investigation. In those meeting and during those telephone conversations, defendants Spota and McPartland, and Burke and other members of the SCPD agreed to conceal Burke's role in the assault and to obstruct and attempt to obstruct the federal investigation in order to protect Burke. More particularly, defendants Spota and McPartland and Burke and others used the power of their positions with the SCDAO and SCPD to obstruct and attempt to obstruct the federal investigation by, among other means, using intimidation, threats and corrupt persuasion to pressure multiple witnesses, including co-conspirators, not to cooperate with the federal investigation, to provide false information, including false testimony under oath, and to withhold relevant information from the USAO-EDNY, FBI and the federal Grand Jury investigating the assault of John Doe.

Ultimately, the attempts to thwart the grand jury investigation were unsuccessful and, on February 26, 2016, Burke pleaded guilty to a Deprivation of John Doe's Civil Rights and Conspiracy to Obstruct Justice. Thereafter, on November 2, 2016, United States District Judge Wexler sentenced Burke to 46 months in prison, and he currently is serving that sentence.

## LAW

The decision of whether to release a defendant on bail turns primarily on (1) the nature and circumstances of the crimes charged; (2) the strength of the evidence; (3) the background of the defendant, including character, physical and mental condition, family and community ties, employment and financial resources and other aspects of the defendant's personal history; and (4) the level of danger to others that the defendant's release would pose. See 18 U.S.C. § 3142(g).

## ARGUMENT

Here, the nature and circumstances of the crimes charged are shocking and appalling as the defendants, two of the highest ranking members of the SCDAO, are alleged to have grossly and outrageously violated their positions of trust and operated in a manner more akin to criminal enterprise than a district attorney's office. Specifically, over a period of more than four years, the defendants attempted to cover up the assault of a handcuffed prisoner by Burke by obstructing the federal grand jury investigation and, when they learned that the scope of the investigation expanded into an investigation of the obstructive conduct,

2

the defendants then attempted to obstruct the obstruction investigation. Obstruction of justice offenses are particularly disconcerting because they seek to undermine the rule of law. Thus, the serious nature and circumstances of the offenses committed by the defendants weigh in favor of detention, or, in the alternative, a significant bail package secured by property and multiple suretors.

With respect to the second factor, the strength of the evidence in this case is overwhelming and consists of dozens of witnesses, including current and former members of the SCPD and SCDAO, who will detail the assault of John Doe and the long-standing and far-reaching obstruction of justice conspiracy spearheaded by defendants Spota, McPartland, and Burke and others. The testimony of these witnesses will be fully corroborated by numerous sources of evidence unearthed during the exhaustive grand jury investigation, including telephone call detail records, cell site records, photographs, financial records, records from the SCDAO, SCPD and Suffolk County, and other documentary evidence.

While the defendants engaged in extremely serious conduct and the evidence against them is overwhelming, the government acknowledges that each defendant has strong community and family ties, and each possesses the wherewithal to post a substantial bond secured by real property to mitigate any risk of flight. Thus, this factor weighs in favor of bail, albeit a secured bond and stringent conditions of release.

Finally, while a significant bail package will reduce the risk of flight, the government submits that continued obstruction of justice by the defendants, who are still in the highest ranking positions in the SCDAO, remains an important concern. Indeed, as set forth above, the defendants have demonstrated their utter contempt for the laws they were charged with upholding, and their pre-trial release will pose a danger to others, unless the Court orders, as a condition of such release, that the defendants strictly comply with the proposed conditions below, including that the defendants have no contact with any witnesses or potential witnesses at the trial, or each other unless in the presence of counsel.

## PROPOSED CONDITIONS

The government urges the Court to order the defendants to each execute an agreement to forfeit, upon failing to appear as required, or otherwise comply with the conditions of release, property of a sufficient unencumbered value, as it is reasonably necessary to assure their appearance as required. See 18 U.S.C. § 3142(c)(1)(B)(xi). The government recommends a bond for each defendant in the amount of $500,000, secured by such property.

The government also requests that the Court order that the defendants have no contact with each other, except for joint defense meetings with counsel present, and no contact with any witnesses or potential witnesses. See 18 U.S.C. § 3142(c)(1)(B)(xiv) and see also United States v. Lillemoe, 2015 U.S. Dist. LEXIS 68846 (D.Conn. May 28, 2015) and United States v. Zhang, 2000 U.S. Dist. LEXIS 15115 (S.D.N.Y. Oct. 13, 2000). This will insure that no further acts of obstruction of justice are attempted.

CONCLUSION

For all of these reasons, the government urges the Court to require significant, secured bonds with respect to each defendant, and to impose strict bail conditions, as suggested by the government, to mitigate the risk of flight and the serious risk that the defendants will continue to obstruct and attempt to obstruct justice, and continue to threaten, intimidate or attempt to threaten or intimidate prospective witnesses.

Thank you for your consideration.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By: _____
Lara Treinis Gatz
John J. Durham
Assistant U.S. Attorneys
(631) 715-7913/7851

cc: Alan Vinegrad, Esq. (By ECF and email)
Larry Krantz, Esq. (By ECF and email)