

U.S. Department of Justice

United States Attorney
Eastern District of New York

JJD:LTG/JLG
F. #2018R00279

610 Federal Plaza
Central Islip, New York 11722

August 3, 2019

By E-mail

Larry H. Krantz, Esq.
lkrantz@krantzberman.com

Bradley Gershel, Esq.
gershelb@ballardspahr.com

Lisa Cahill, Esq.
lcahill@krantzberman.com

Alan M. Vinegrad, Esq.
avinegrad@cov.com

Erin K. Monju, Esq.
emonju@cov.com

Re:   United States v. Christopher McPartland and Thomas J. Spota
      Criminal Docket No. 17-587 (JMA)

Dear Counsel:

We write to inform you of the existence of certain electronic documents and materials that may be viewed as being constructively in the Government's possession, custody and control. As set forth herein, although these materials were produced by a state entity in response to a subpoena *duces tecum*, they are very clearly well beyond the scope of the materials sought by the subpoena; therefore, the Government's permissible access to them is questionable at best. Furthermore, for the reasons stated below, the Government submits that it has no obligation pursuant to Rule 16, Federal Rules of Criminal Procedure; *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny; *Giglio v. United States*, 405 U.S. 150, 154 (1972), and its progeny; and/or the Jencks Act, 18 U.S.C. § 3500, to obtain, review, and produce these materials. *See*, *e.g.*, *United States v. Hutcher*, 622 F.2d 1083, 1088 (2d

Cir. 1980) ("Clearly the government cannot be required to produce that which it does not control and never possessed or inspected." (citation omitted)).

By way of background, the government issued a subpoena *duces tecum*, dated June 6, 2018, to the Suffolk County Department of Information Technology ("SCDIT"), seeking, in substance, the electronic files of nine custodians – namely, Thomas Spota, Christopher McPartland, ████████████████████████████ James Burke, ████████████████████████████ – for the time period beginning December 14, 2012 up through and including December 31, 2017. Those materials have been, and continue to be, produced to you on a rolling basis via a third party data hosting and processing company (the "Contractor").

However, due to the antiquated nature of Suffolk County's backup servers, where these materials were archived and stored, SCDIT was unable to segregate the electronic files of only these nine subpoenaed custodians. Therefore, in order to comply with the subpoena, SCDIT provided to the government the electronic files – in the form of "backup tapes" – of *all* custodians/users on their system for the time period requested. This data was massive, comprising approximately 159 backup tapes, which the Government was unable to process in-house. As you know, the Government has gone to great lengths, at tremendous expense, to obtain the subpoenaed materials for the nine specified custodians, engaging the services of the Contractor in order to decrypt all of the backup tapes, locate the subpoenaed accounts/custodians/users on each backup tape, extract the specific materials, and de-duplicate and convert that data.

In providing these backup tapes to the Contractor for processing, as described above, the Government requested, and has received, only the electronic data of the nine subpoenaed custodians. Put another way, the Government has not sought, obtained or reviewed – and does not intend to seek, obtain or review – the electronic data of any additional custodians or accounts – including for any potential Government witnesses – that may be contained on the backup tapes that have been provided by SCDIT.

Because the government may be deemed to have constructive possession of these electronic materials, we are informing you of their existence, and of our intention not to seek actual possession of any SCDIT materials that are beyond the scope of those requested by the June 6, 2018 subpoena. The Government does not view these materials as discoverable under Rule 16, *Brady*, *Giglio*, and/or the Jencks Act. The Government's disclosure obligations are not limitless. *See United States v. Ruiz*, 536 U.S. 622, 629 (2002) ("[T]he Constitution does not require the prosecutor to share all useful information with the defendant."). Rather, the duty to disclose favorable evidence to the accused is an obligation that extends only "to material evidence … *known to the prosecutor*." *United States v.*

*Avellino*, 136 F.3d 249, 255 (2d Cir. 1998) (emphasis added).  The Second Circuit has held that the Government "cannot be required to produce that which it does not control and never possessed or inspected." *United States v. Canniff*, 521 F.2d 565, 573 (2d Cir. 1975); *see also Hutcher*, 622 F.2d at 1088 ("We reject … a notion of 'possession' which is so elastic as to embrace materials that the prosecution never had in its files, never inspected, and never knew about.").

Finally, please be aware that the estimate provided by the Contractor for the processing of electronic data related to additional custodians on these backup tapes is approximately $175,000.00.  Based on the Government's experience to date with the Contractor's preliminary estimates, we believe this number will be only a fraction of the actual costs associated with the processing, production and/or hosting of this data.

Please let us know if you wish to discuss this issue further.

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

By:    /s/
John J. Durham
Lara Treinis Gatz
Justina L. Geraci
Assistant U.S. Attorneys
(631) 715-7851/-7913/-7835

cc:    The Honorable Joan M. Azrack, U.S.D.J.  (by Hand)