**FILED**
**CLERK**

10/1/2019 4:28 pm
For Online Publication Only
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

UNITED STATES OF AMERICA,

-against-

**ORDER**
17-CR-587 (JMA)

CHRISTOPHER MCPARTLAND, and
THOMAS J. SPOTA,

Defendants.
------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Defendants have moved to dismiss Counts 3 and 4 of the Indictment. (ECF No. 61.) For the reasons stated below, those motions are denied.

## A.  Count Three

Count Three charges Defendants with Obstruction of Justice pursuant to 18 U.S.C. § 1503. Defendants argue that Count Three must dismissed because § 1503 does not reach witness tampering, citing the Second Circuit's decisions in United States v. Hernandez, 730 F.2d 895 (2d Cir. 1984), United States v. Masterpol, 940 F.2d 760 (2d Cir. 1991), and United States v. Sampson, 898 F.3d 287 (2d Cir. 2018). Defendants' argument is premised on the erroneous assumption that witness tampering is the sole conduct alleged in the indictment and that, as such, permitting proof of any of the uncharged allegations cited by the Government to support Count Three would constitute a constructive amendment. Defendants, however, ignore the fact that the Indictment alleges that "MCPARTLAND, SPOTA, Burke, and others obstructed and attempted to obstruct the Federal Investigation by, among other means, using, threats and corrupt persuasion to pressure one or more witnesses." (Indictment ¶ 8 (emphasis added)). The allegedly "uncharged allegations" at issue would not constitute a constructive indictment.

In addition to asserting that the new factual allegations set forth in the Government's brief would constitute a constructive amendment, Defendants also assert that these additional allegations cannot support a conviction under § 1503. (Defs.' Reply Br. at 4.) This argument is premature and is more appropriately raised in a Rule 29 motion after all of the prosecution's evidence has been introduced at trial. See United States v. Sampson, 898 F.3d 270, 281 (2d Cir. 2018) (explaining that "when a defense raises a factual dispute that is inextricably intertwined with a defendant's potential culpability, a judge cannot resolve that dispute on a Rule 12(b) motion" unless the government has made "a 'detailed presentation of the entirety of the evidence'").

Defendants further assert that Count Three and Count Two are multiplicitous and that, as such, one of these two counts must be dismissed. This argument is also premature. See United States v. Josephberg, 459 F.3d 350, 355 (2d Cir. 2006). And, contrary to Defendants' argument, the presence of a single additional obstruction count will not prejudice Defendants at trial.

## B. Count Four

Defendants argue that Count 4 must be dismissed because it fails to state the "essential facts" constituting the alleged violation of 18 U.S.C. § 3. Under that statute, "[w]hoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact."

Federal Rule of Criminal Procedure 7(c) states that the an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." As the Second Circuit has explained:

> It is well settled that an indictment is sufficient if it, first, contains the elements of
> the offense charged and fairly informs a defendant of the charge against which he

must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. We have explained that an indictment must charge[ ] a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events. Nevertheless, an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.

United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998) (citations and internal marks omitted). Because Count Four is legally sufficient under this standard, Defendants' motion is denied. The Indictment identifies the alleged underlying offense that was committed by Burke and other members of the Suffolk County Police Department. (Indictment ¶¶ 5, 16.) It specifies the date of this underlying offense as well as the approximately five-year period of time during which the charged offense of being an accessory after the fact was committed. (Id. ¶ 16.) The Indictment identifies some of the alleged acts committed by Defendants, (id. ¶ 8), and alleges that Defendants "assist[ed] one or more offenders, in order to hinder the offenders' apprehension, trial and punishment," (id. ¶ 16). None of the cases cited by Defendants indicate that, in the circumstances here, more specificity for an indictment under 18 U.S.C. § 3 is required. See, e.g., United States v. Davidoff, 845 F.2d 1151, 1153 (2d Cir. 1988) (requiring bill of particulars in RICO prosecution where indictment only alleged extortion aimed at one company, but the government was also permitted to introduce evidence of extortions directed against three different companies and explaining that "[w]ith the wide latitude accorded the prosecution to frame a charge that a defendant has 'conspired' to promote the affairs of an 'enterprise' through a 'pattern of racketeering activity' comes an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope").

Finally, Defendants also argue that Count Four must be dismissed because, according to Defendants, 18 U.S.C. § 3 does not reach conduct criminalized by the obstruction of justice

statutes. This novel argument is meritless. The plain language of § 3 covers conduct that could also constitute obstruction of justice. Accordingly, there is no reason to resort to the legislative history, which is not even that helpful to Defendants. Additionally, the immigration cases cited by Defendants concern issues that are unique to the immigration context and, as such, are inapposite here.

For the reasons stated above, Defendants' motions to dismiss, (ECF No. 61), are denied. Defendants' motion for a bill of particulars, (ECF No. 59), was resolved at the September 11, 2019 status conference.

**SO ORDERED.**

Dated:  October 1, 2019
        Central Islip, New York

_____/s/  (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
