# EXHIBIT 61

January 20, 2020

The Honorable Joan M. Azrack
United States District Judge
United States Courthouse
100 Federal Plaza
Central Islip, New York. 11722

Dear Judge Azrack:

As a former Principal and later as a Board Member at the Cleary School for the Deaf in Nesconset, I knew Tom Spota more on a professional than personal level. He graciously answered the Cleary Board of Directors' request to join the Board. I attended Board meetings during his term from 1997-2008.

My memory is that he was attentive, supportive and able to suggest some possible answers to ongoing questions that always arise in educational institutions. He demonstrated his conscientiousness and sense of responsibility by always sending a representative on those infrequent occasions when he was unable to attend a meeting himself.

In light of his commitment to assist the community of students who were deaf and multi-disabled and their families by being a Board Member, I believe he has shown support to those who are less fortunate and in need of support and understanding.

Respectfully,

Sister Eileen M. Kelly
Sister Eileen M. Kelly
Congregation of the Sisters of St. Joseph

# EXHIBIT 62

February 1, 2020

The Honorable Joan M. Azrack
United States District Judge
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

Dear Judge Azrack:

I am writing on behalf of Thomas Spota, with whom I served from the 1980s
until the 2010s on the Board of Trustees of the Wyandanch Homes and
Property Development Corporation, a nonprofit organization that provides
homes and case management to homeless families. During our almost 30-
year collaboration, Tom was always fully committed to our mission of guiding
homeless families to self-sufficiency.

I knew Tom in this capacity before and while he was District Attorney.
Throughout our relationship on the Wyandanch Homes and Property board,
Tom never changed. He was always devoted to the best interests of our
clients; always treated them, the staff and our fellow board members with
great respect; and always was humble, courteous, balanced and thorough in
all that the board called upon him to do.

One of our responsibilities as board members was to interview each person
who was a finalist for one of our homes. Our clients are very fragile, almost all
being single mothers of color with several young children whose
homelessness was brought on by a lifetime of misfortune if not abuse. These
client interviews were difficult for both those seeking to enter our program and
for the staff and board. In every interview, Tom's respectfulness and empathy
were evident and did much to calm the client and focus the board on our
difficult decision. While his questioning of the potential client could reflect the
probing style of a good DA, his personal demeanor was always that of a
caring neighbor.

Our client interviews always took place in the afternoons, sometimes for over
two hours. Our board meetings were always in the evenings, also for two
hours. During our decades together, I worked as a high school history and
government teacher and then, after 1996, as a public-policy advocate for the
poor, first at Catholic Charities in the Diocese of Rockville Center and, after
2008, in that same capacity at Long Island Jobs with Justice. These were
demanding jobs and often, especially during the evening board meetings, I felt
weary. Tom never seemed to falter, even after he became Suffolk DA with
demands on him much greater than mine. Many times, I wondered where

Tom got his strength, only to conclude that he must have been energized by his commitment to our mission and to the fragile families we served.

By coincidence, Tom and I also belong to the same gym at the Suffolk Y Jewish Community Center in Commack. Whether in the board room or the locker room, Tom was always the same: warm; quiet; friendly; caring; unassuming. One gym member recently said to me, "You would never know Tom was our District Attorney." I fully agreed. His humility and conviviality were his hallmarks. Locker rooms can sometimes be arenas for male displays of aggression and competitiveness, two traits that few if any of us ever associated with Tom. Some of the guys in the gym formed a coffee klatch in the morning to which Tom belonged; some socialized with him and his wife Mary Ellen, as did I and my wife Kathryn.

Having known Tom as a good husband and father, having been with him and his wife in social situations, most recently when we ran into them at a local restaurant on New Year's Eve, my wife and I suffered with them every step of the painful journey they have walked during his trial. I recall embracing Mary Ellen at the restaurant and asking her how she survived the Holidays at this incredibly difficult time. She gently smiled and said that their grandchildren were keeping her and Tom going through it all.

Tom and I both joined the Wyandanch Homes and Property Development board at the request of his friend and my former pastor at Our Lady of the Miraculous Medal Church in Wyandanch, Msgr. John Cervini. Fr. John and my parish are known throughout the Diocese of Rockville Center for their commitment to works of charity and justice for the poor. It is that commitment that brought Tom and me together for almost three decades. It is that commitment that makes me proud to call him a friend and colleague.

In the Gospel of St. Matthew, Jesus states, "Whatever you did to the least of my brothers and sisters you did to me." For all the years I have known him, Tom Spota has been a faithful servant of the least, the last, the lonely and the lost. This is the Tom Spota I know, admire and respect.


Respectfully,

Richard Koubek

# EXHIBIT 63

# REYNOLDS, CARONIA, GIANELLI & LA PINTA, P.C.
### – ATTORNEYS AT LAW –

**200 VANDERBILT MOTOR PARKWAY**
**SUITE C-17**
**HAUPPAUGE, NEW YORK 11788**

**300 OLD COUNTRY ROAD**
**SUITE 341**
**MINEOLA, NEW YORK 11501**
(Correspondence to Hauppauge Office)

ANTHONY M. LA PINTA
JAMES T. REYNOLDS
PETER R. CARONIA (Ret.)
PAUL GIANELLI (Ret.)

TEL: 631-231-1199
FAX: 631-300-4380

www.rcgllaw.com

OF COUNSEL:

PETER H. MAYER, III
Justice, New York State
Supreme Court (Ret.)

MICHAEL E. FEHRINGER
KYLE O. WOOD

CHRISTOPHER J. PURCELL

February 28, 2020

The Honorable Joan M. Azrack
United States District Court, EDNY
Alfonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, New York 11722

Re: **USA v. Thomas J. Spota**
United States District Court, EDNY
Ind. 17-587 (JMA)

Dear Judge Azrack:

Kindly accept this letter on behalf of Thomas J. Spota.

My relationship with Mr. Spota is unique and special. I have known him mostly on a professional basis and have developed a close personal relationship with him since he was charged in the above indictment. To fully understand my relationship with Mr. Spota, I must recount the following facts that caused our paths in life to meet.

On March 28, 1983, my father, Michael LaPinta, was murdered. My mother, Marie LaPinta, and her brother (my uncle), Leonardo Crociata, were charged with Second Degree Murder in Suffolk County Court. I was then sixteen years old. I was in eleventh grade. At the time, I was living with my parents in our family home in West Islip. My older brother, Leonard, was living away at college.

My parents, and my uncle, were born in Sicily. My mother was nineteen and my father was thirty when they wed. Their marriage was prearranged. From the start, their relationship was marred by domestic abuse at the hand of my father. My brother and I grew up witnessing this abuse. We lived a simple, modest life. My father was a mason. My mother was a seamstress. Our childhood memories are riddled with the sounds of yelling and the visions of my father

beating our helpless mother. As young children we were too scared to intercede. As teenagers, we were too embarrassed to reach out for help. In 1982, my mother finally developed enough inner strength to file for divorce. The year that followed resulted in even more abuse. In a cry for help, my mother reached out to her brother for guidance. He responded by confronting my father. That confrontation resulted in my father being shot and killed inside our small home. I was not home at the time.

After being charged with intentional murder under the theory of acting in concert, my mother and uncle were represented by two lawyers from the same law firm. In January of 1984, they were convicted, as charged, after a jury trial. They were both sentenced to the maximum term of twenty five years to life. Having left the Suffolk County District Attorney's Office a few months before my father's death, Mr. Spota was not involved in the prosecution of the case.

My brother and I struggled through this significant upheaval of our lives.  He became a school teacher. I became a lawyer. We always supported our mother, knowing how badly she suffered over the years in an abusive marriage. We regularly visited her at the Bedford Hills Correctional Facility in Westchester County, a maximum security state prison for women. When we married and had children, our families continued to regularly visit "Nonna."

Appeals of my mother's conviction were denied. In 2002, my brother developed a internet based coalition of people who willingly supported an application for executive clemency which was filed with Governor George Pataki. His efforts fell on deaf ears. In 2004, I started to author a post judgement motion to set aside the conviction based on ineffective assistance of counsel. Two points were raised in support of the motion. First, my mother never should have been represented by the same law firm as the conflict was palpable. Second, to insure a fair trial, she should have been tried separately. A separate trial would have allowed for the presentation of evidence of the life-long domestic abuse perpetrated by my father. This would have resulted in an evidentiary basis for jury consideration of the "battered woman syndrome" defense, which would allow for jury consideration of the lesser offense of Manslaughter in the First Degree.

I finished the motion in January of 2005.  Mr. Spota was the Suffolk County District Attorney. While I had been practicing law for twelve years at the time, I had never met Mr. Spota. Prior to filing the motion with the court, I wrote a letter to him introducing myself and explaining my family circumstances. I enclosed a copy of the motion. A few days later, Mr. Spota called me and invited me to meet him at his office.  He was welcoming, attentive, sympathetic and complimentary. He listened carefully as I explained my family's history, which now reached over 20 years. Our meeting was extremely emotional for me. My anxiety diminished as he assured me that he would carefully consider my request.  Mr. Spota called me back two weeks later and told me that he would

support the motion and that I should be proud of the professional and persuasive work contained in the motion. I will never forget that call. After filing the motion without opposition, the court overturned my mother's conviction. Shortly thereafter, we agreed to have my mother plead guilty to Manslaughter in the First Degree. She was immediately released after serving twenty two years, more than the maximum term for that offense.

For the following fifteen years, I defended many high profile cases in Suffolk County. My dealings with Mr. Spota were always professional and respectful. While he was typically strict in his plea positions, he was always accessible and fair.

When I learned that Mr. Spota was charged herein, I called him and offered my assistance. While I would have never imagined being in a position to help him, I jumped at the opportunity to give him the same attention, compassion and understanding he gave me. For the past year and a half, I have gotten to know Mr. Spota on a personal level. He is a loving husband, a doting father and a proud grandfather. His wife Mary Ellen is a gentle and kind soul. His children Kate, Tom and Patti are well established and secure adults with successful careers and loving families. I have seen first-hand how his indictment and subsequent conviction has devastated this wonderful family. Mr. Spota has sadly lost the legacy he worked so hard to achieve over a fifty year legal career. I recently helped Mr. Spota draft a letter to the Attorney Grievance Committee notifying them of his conviction. Knowing that letter would start the process toward his eventual disbarment, I witnessed his pain as he struggled to sign the letter.

Mr. Spota is a very important person in my life. I have proudly stood by him and his family through this ordeal and will continue to do so. Please understand the impact Mr. Spota has had on me and my family. He is very worthy and deserving of your compassion when determining a just sentence.

Respectfully,

ANTHONY M. LA PINTA

AML:mm

# EXHIBIT 64

March 12, 2020

The Honorable Joan M. Azrack
United States District Judge
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

Dear Judge Azrack:

 I am writing this letter to explain to you, Judge, my relationship with Tom Spota..
I hope it also gives you a picture of Tom as a loyal, accepting, trusting friend.

 My family moved to New Hyde Park when I was five years old. Tom's family lived in
the same development about a block and a half away. As we grew up as childhood friends we
both went to Notre Dame Grammar School and played in their CYO Sports Activities. There
were about five or six of us young teenagers that always seemed to be together. To this day,
Tom has held us together and we are like his 'extended family' -- going to Tom and Mary
Ellen's children's wedding and celebrating holidays with the Spota's.

 I was ordained a Roman Catholic Priest in 1967 and was honored when Tom and Mary
Ellen asked me to perform their wedding ceremony. Soon after their marriage, Mary Ellen was
██████████████████████ and Tom had to draw upon his gifts of loyalty, acceptance and
trust. After some time, Mary Ellen regained ████████ and many thankful prayers were
offered.

 Over the last eleven years Tom has shown me true friendship and sensitive caring. When
I was ███████████████████████ Tom consistently and faithfully has been in touch with
visits and phone calls easing, ████████████ With all that is happening in his life,
Tom's loyalty has been one of my greatest blessings.

 I believe Tom Spota's faith in God has enabled not only himself, but also Mary Ellen and
his children and family, to endure the struggles he is enduring now.

 I hope my simple, sincere letter will enable you to see the loyal, caring man my friend,
Tom Spota, is.

Respectfully,

*Dick Lee*

Dick Lee

# EXHIBIT 65

April 8, 2020

The Honorable Joan M. Azrack
United States District Court Judge
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

Honorable Judge Azrak;

Please accept this letter in support of Mr. Thomas J. Spota now awaiting sentencing before you. While I have read accounts of the misdeeds for which my friend of more than sixty five years has been found guilty, I can offer no explanation for the confluence of bizarre occurrences that have led to Tommy's current plight. What I can do for my friend, is to attest to the behavior of the man I have known most intimately my entire life.

Of all the friends one accumulates over a lifetime, none has had a greater affect on my own growth as an adult than Tommy Spota; he helped shape my political orientation, my skills discriminating between social and personal commitments, and my ability to inventory those qualities that I most value in the character of others. He interceded in settling my ███████

██████████████████████ and he provided me with the necessary advice to ██████ █████

Tommy remains, in spite of all, a cynosure of stability, trust, and fidelity in my mind. I recall Polonius' advice to his son Laertes, in Hamlet, when he warns him to select friends worthy of being bound to himself with "hoops of steel;" Tommy Spota has been such a friend. I would trust Tommy with my life.

Tommy Spota has been generous and kind. Now, when he has suffered the loss of his reputation and the embarrassment of public censure he could use a smattering of Portia's advice to the Venetian court in The Merchant of Venice, when she recommends: "the quality of mercy is not strained." A lifetime of worthy public service, generosity, and kindness should not be obliterated for his having given support to one undeserving of it.

Respectfully yours,

*Joseph H. Lemrow* (signature)

Joseph H. Lemrow

██████████████████████

# EXHIBIT 66

The Honorable Joan Azrack

United States District Judge

United States Court House

100 Federal Plaza

Central Islip, NY 11722

Honorable Joan Azrack;

     I am writing this letter on behalf of Tom Spota.  I am a retired Suffolk County Detective and have served the County for forty years in law enforcement.  I have known Tom for over thirty-five years; we live in the same community, raised our families here and go to the same church.  Tom is a family man with a wonderful wife, Mary Ellen, three children and five grandchildren.  Tom is a kind, fair, caring person that I am proud to call my friend.

     When I was assigned to the District Attorney's Office, under then District Attorney Patrick Henry, Tom was the Chief of the Homicide Bureau.  Tom had a stellar reputation among his peers as well as those in law enforcement for his work ethics.

     From the time I have known Tom, he was always there to help.  He was a go-to person who reached out to those in need.  As District Attorney, Tom helped enact a law, known as "the Spota law".  It protected non-union workers that were not getting paid their proper wages by their employers.  The labor unions praised Tom for stepping up in this area and, though his efforts, law enforcement was given the tools to go after these employers for violating the labor law.  The result was the non-union employees would get reimbursed for back lost wages.

     Tom was also instrumental in setting up a Veterans Court for those veterans who found themselves in trouble with the law and deserved a second chance.  Tom has also been there for the community through an organization in Port Jefferson known as Hope House Ministries, which is run by Father Francis Pizzarelli for young men who had narcotics problems.  Over the years, Tom, working with Father Frank Pizzarelli helped these young men have an opportunity to better themselves and become a productive part of our society.

     It's hard for me to comprehend the crime Tom has been convicted of. This is not the person I know and nor does it fit the person he is.  I am just one person, but there are so many people who as Detectives, Prosecutors or other people in law enforcement -- through Tom's leadership and professionalism -- have always been led to do the right thing.

     Tom has served his country as a Marine, raised his family in our community, and has always worked hard to make Suffolk County and our country a better and safer place to live.

     It is my hope and prayer, that Your Honor would take into consideration all the good that Tom has done to help others in their lives and would consider leniency in his case.

Respectfully submitted,

Francis J. Leonard

# EXHIBIT 67

Lownds

██████████████

February 20, 2020

The Honorable Joan M. Azrack
United States District Judge
United States Courthouse
100 Federal Plaza
Central Islip, New York   11722

Dear Judge Azrack:

We have known Tom as a friend and neighbor for over 25 years.  We have shared meals and visited each other in our respective homes.   Although Tom held a very important office in our county with a demanding schedule, he was out raking leaves, doing work on his home just like everyone else and was never too busy to chat and pass the time of day.

████████████████████████████ we are very grateful for Tom's support and concern ██████ ██████ over the years.  Tom would always inquire about his progress, ████████████████ happiness and well-being.  We have experienced the opposite from other people, ██████████████ ████████ This was never the case with Tom and Mary Ellen, for which we are grateful.

A few years ago, Jean was █████████████████████████████ As if that was not stressful enough, John was ██████████ at the time and █████████ ███████████████ While Jean ███████████ Tom immediately reached out to offer help and advice to navigate the difficult issues of ██████████████ We cannot tell you how incredibly appreciative we were at the time and still are so grateful.   Our experience is so indicative of how Tom would reach out to any neighbor or friend in need.

Tom has given so much to the people of Suffolk County and has made significant achievements over his years of service.  It has been so difficult to see the toll that this case has taken on Tom, Mary Ellen and their family.  During the trial they were absolutely drained and exhausted.  We would often wonder how they coped with the whole process and marveled at their strength and perseverance.  The disappointment that this would be Tom's legacy, instead of his long and dedicated career in law enforcement, is devastating.

We only wish that we could do more for Tom, Mary Ellen and their family at this extremely difficult time.

Respectfully,

Jean and John Lownds

# EXHIBIT 68

The Honorable Joan M. Azrack
United States District Judge
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

Dear Judge Azrack:

I am writing to urge leniency in the sentencing of my friend and colleague Thomas
Spota. I have known Tom for more than 16 years, since I was assigned as the Agent in Charge
(ASAC) of the Long Island District Office for the Drug Enforcement Administration (DEA). I
am aware of the gravity of the crime for which he was convicted. It is impossible for me to
comprehend, since this is not the man I know. I would like to offer a perspective that shows
that Tom is far more than the actions for which he was convicted.

Tom and his office were always supportive of our organization (DEA) when needed or
called upon in investigating organizations that resulted in arrests, seizures and the prosecutions
of defendants who violated either federal or state narcotics laws. Tom and his office assisted
numerous times in preparing affidavits for search warrants and Title 3 investigations. There
were many times when, if it were not for the instrumental efforts of Tom and his office, these
investigations would not have been successful and, therefore, most likely, the offenders not
prosecuted. Tom was always willing to assign additional assets when necessary. He was a true
partner in and out of the task force, which is one of the most successful and productive
taskforces in the United States. Tom's professionalism and dedication to the job made
Suffolk County, New York State, and our country safer places in which to reside.

As I am sure you know, Tom is a former Marine, active community member, and
dedicated family man. Given his otherwise clean record and the work he has done in making
our community safer, I strongly believe that a lenient sentence is most appropriate in the
situation.

Please feel free to contact me if Your Honor has any further questions regarding this
matter. I would be more than happy to comply on Tom's behalf.

Respectfully,

1/28/20

Robert Mangiamele

# EXHIBIT 69

January 18, 2020

The Honorable Joan M. Azrack
United States District Judge
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

Dear Judge Azrack,

I am ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. I met Mr.
Spota about 6 years ago through mutual friends. He eventually ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.
Although we did not socialize together, I still felt able several years ago to ask Mr. Spota for his advice in
his capacity as Suffolk County D.A.

My youngest son, ▉▉▉ had attended Smithtown High School in the late 1990's.
Unfortunately, my son was one of many in his class who became addicted to heroin. When his mother
passed in 2003, he moved in with me. For at least 2 years I was unable to recognize his addiction until it
severely worsened. From that point on I was able to get my son to attend in-patient rehab in Arizona for
a year. He stayed clean for a while but then he relapsed again. I had placed him in at least 5 different
rehab centers with the same resulting relapse. He overdosed 4 times – one time I had to do CPR myself
to bring him back.

This pattern continued and worsened for years, as did his thievery. When my son
forged my personal checks, I called Mr. Spota for advice. He was fully aware of my 15-year ordeal with
my son's addiction and all of my prior efforts to help him. He personally took a strong interest in helping
my son in a way that I found beyond difficult to do -- press charges and have him arrested so his case
would end up in the drug court system. Mr. Spota recognized my hesitancy, and spent hours with me
explaining that this approach was my son's best chance to get court-supervised help. He told me how
the experience of going to jail -- especially in Riverhead -- would likely give my son a reality check as to
the direction his life was going. As hard as it was, I finally listened to Mr. Spota's advice and pressed
charges. My son's reaction to his incarceration was heart-breaking as a parent but Mr. Spota continued
to assure and support me through the entire jail, then drug court, process over the next few years.

Today, my son ▉▉▉ is alive and continues to reside in the Hope House in Mount Sinai
under the guidance of Father Frank Pizzarelli. ▉▉▉ is now ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Both he and I remain beyond thankful to this day for
Mr. Spota's assistance.

Your Honor, I truly believe my son ▉▉▉ would not be alive today if it were not for the
caring, kindness and professional guidance that Mr. Spota gave to my son. He went very far above and
beyond in his capacity as D.A. to help us, and I am sure he has similarly helped many other people who
lost their path in this life.

I realize the gravity of the charges against Mr. Spota. From my heart, I beseech Your Honor to render all possible leniency in your sentencing, weighing in his prior lifetime of otherwise exemplary conduct during both his career as an attorney, and as D.A., his advanced age, and the horrible toll this ordeal has placed upon him and his family.

# EXHIBIT 70

# Janet Mareno



February 25, 2020

The Honorable Joan M. Azrack
United States District Judge
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

Dear Judge Azrack:

I would like to take this opportunity to relate my personal feelings and views and make known
the respect I have developed during the many years I have associated with Tom Spota, both
professionally and personally.

On a personal basis, he has advised me on several different matters with care, kindness and a
willingness that was definitely demonstrative of his personality, always having a positive effect
on my life.  Tom is a person whose advice I always trust to steer me in the right direction and
who I count on to continue to be available until the issues are resolved.  I have had the pleasure
to socialize with both Tom and Mary Ellen frequently over the years and see what a hardship
this is for him and his family to endure.  It is very evident the toll this is taking on everyone.

On a professional level, not only did Tom handle legal matters for me with the utmost integrity
and scrutiny, I interacted with him in my working environment bimonthly for many years and
witnessed the actions of an admirable, upstanding and reliable man.  Tom was a man who was
relied upon to guide the Suffolk Detectives Association to an efficient, advantageous and moral
outcome.

It is my hope that you will take my personal perspectives into consideration and come to the
conclusion that Tom Spota is worthy of as lenient a sentence as possible.

Sincerely,

Janet Mareno
Janet Mareno
/jm

# EXHIBIT 71

# PETER H. MAYER, III

- ATTORNEY AT LAW –

200 MOTOR PARKWAY, SUITE C-17
HAUPPAUGE, NEW YORK 11788



*Justice, New York State
Supreme Court (Ret.)

February 25, 2020

The Honorable Joan M. Azrack
United States District Judge
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

Dear Judge Azrack,

There are not enough adjectives to describe the range of emotions running through me as I write this.

I have known Tom Spota since 1975, when I was a newly assigned lawyer in what was then called the Felony Trial Bureau of the Suffolk County District Attorney's office. Although Mr. Spota was not my immediate supervisor, I do remember him always making himself available to answer questions to those of us new to felony work. Very often he would make himself available after 5:00 pm to guide us and give advice on preparation, evidentiary issues, and strategy.

I served in the Suffolk D.A.'s office until 1981, when I went into private practice. Tom left the D.A's office in 1982. My partner, Dave Clayton (now deceased), myself and Tom remained close friends throughout the 80's and into the 90's, although our respective practices were in different specialties. My partner and I practiced criminal defense while Tom and his partners were predominately personal injury lawyers.

Throughout the 80's and 90's Tom built a highly successful personal injury practice by manifesting the same personal traits that caused him to be one of the great Assistant D.A.'s. Hard work, tenacity, commitment and moral integrity were the hallmarks of his personality that I have always observed, not only in his role as a professional, but also as a friend.

After Tom was elected in 2001, he asked me to come back to the D.A.'s office as a Bureau Chief, an offer I accepted. After approximately 6 months as head of the Case Advisory Bureau, I headed the Major Crime Bureau, which handled all the street felonies except murder. Homicides, except vehicular, were handled by the Homicide Bureau. I stayed in that position from 2002-2005 and left in January of 2006 as a result of my election in November of 2005 to the New York State Supreme Court, where I served until retirement in September 2018.

The Tom Spota I worked for I found to be not only a consummate professional, but also a deeply caring prosecutor with a compassionate side. He put meaning into the concept that seeking justice doesn't always mean seeking convictions. He understood that in almost every case there were aggravating as well as mitigating factors to consider in making a determination as to what

charges and what kind of sentence should be sought when assessing the criminal conduct of an individual. Many of the cases coming into the system at the time were crimes committed by adolescents. In many of these matters, Tom was receptive to and desirous of understanding the entire background of the defendant in order to fashion a remedy that served the needs of society but also the needs of the defendant. He was experienced enough to understand that he didn't want to be so draconian so as to destroy a defendant's will to participate in a positive way in society, while at the same time insuring that he or she paid a certain price for his or her transgression. He was cognizant that a defendant who had suffered child abuse or got into the drug and alcohol world may be someone capable of returning to society as a societal asset rather than becoming a lifelong social cost.

It was during these years as professional colleagues that our friendship and respect for each other grew.

I also know that Tom has been a faithful practicing Catholic his entire life. It took great courage, therefore, to conduct one of the first and most far reaching investigations into wrongdoing involving pedophile priests of the Roman Catholic church – specifically, the Roman Catholic Diocese of Rockville Center's persistent cover-up of pedophile priests serving the Catholic parishes throughout Suffolk County. The Grand Jury Report that was produced as a result of this investigation received nationwide attention as it was one of the first to shine a light on this insidious problem. Moreover, a number of these priests were prosecuted individually for their felony sex crimes committed on children.

Your Honor, I am aware of the immense responsibility that the Court has in fashioning a sentence that reflects justice for a man who devoted much of his life to Government service as a public prosecutor, balanced against his conviction for a serious crime. Please understand that the man that stands before you as a convicted felon, with all the shame and embarrassment that comes with that status, is also one of the most kindhearted, decent, family-oriented men I have ever known. His love for his wife Mary Ellen and his children has been boundless for the 45 years I have known him. My deepest hope is that Your Honor is able to fashion a sentence that tempers justice with mercy.

Should Your Honor have any questions regarding the above, I'd be happy to respond in any way you see fit.

Respectfully,

PETER H. MAYER

2

# EXHIBIT 72

The Honorable Joan M. Azrack
The United States District Judge
United States Courthouse
100 Federal Plaza
Central Islip, NY 11722



1/31/2020

Dear Judge Azrack,

I wanted to introduce myself and speak on behalf of Tom Spota. I have been a
business owner in Suffolk County for 45 years.

For over two decades Tom was my attorney and trusted confidant. I relied on
his counsel and advice throughout that time. He personally helped me and
contributed to my success, not only for my business but for my family.

Through those years I got to know his family. His wife, Mary Ellen, is a wonderful
woman. Together they raised a beautiful family, two girls and one son. As you
can imagine, this case is taking an emotional toll on the entire family.

In terms of Tom's contributions to the community, he volunteered countless
hours and personally donated to many events I coordinated. Today I am the
President of the LI Restaurant Association. I manage a PAC fund for this
association. We support law enforcement, hospitals, and various community
organizations such as the PAL (Police Athletic League) to mention one. Tom
always supported these functions.

In my opinion he was one of the best District Attorneys that has ever
represented Suffolk County.



I hope the sum of his dedication to family and community will be heavily weighted as Your Honor makes this difficult decision.

Respectfully,

Jack McCarthy

# EXHIBIT 73

# MICHAEL M. McCLELLAN

Attorney at Law
320 Carleton Avenue, Suite 6800
Central Islip, New York 11722

(631) 761-5999
FACSIMILE          (631) 342-8350

January 27, 2020

The Honorable Joan M. Azrack
United States District Judge
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

      **Re:     Thomas Spota**

Hon. Judge Azrack:

      I am writing this letter on behalf of Mr. Thomas Spota because I wanted to do so, not because anyone asked me to do so.

      By way of background, I have been a practicing attorney for over 30 years. I come from a family where my father, now deceased, was with the NYPD for over 38 years. I have 2 adult children and the same wife for almost 40 years.

      I got to know Mr. Spota through interactions with my criminal law practice. He and I had discussions relative to changing laws and changing plea parameters. I specifically recall I had a long conversation with him relative to pleas concerning Driving While Intoxicated offenses, as parameters for those offenses have changed in the past 20 years.

      Mr. Spota is obviously a devoted family man and his wife accompanied him at many of the social and political events that we attended. I know that this case has taken an enormous toll on his wife and family.

      I do not believe that any one event should define a man's life or career. His service as District Attorney here in Suffolk County was exemplary. In the social media/technology world we live in, many times the naysayers take one event and extrapolate that event as a person's entire life. In that regard, I have heard negative things being said about the District Attorney's Office under Mr. Spota. Nothing could be further from the truth. As District Attorney, Mr. Spota was a dedicated public servant. He was, on a daily basis, confronted with very difficult decisions. He served with honor. He was re-elected three times, sometimes without opposition.

He tutored many of young lawyers who are now judges themselves. For a large majority of his life, he was an exemplary public servant. I considered him a mentor even though I never worked in the Office of the District Attorney. He was truly a person to emulate.

From what I have heard about Mr. Spota's case, it appears that his conviction stemmed from misplaced loyalty. It is evident that Mr. Spota was unable or unwilling to quell or withdraw his loyalty from a bad person. That person clearly violated the rule of law and was properly punished. And now the jury has held Mr. Spota accountable as well.

But when Your Honor considers the appropriate sentence for Mr. Spota, I implore you to look at the whole person and his entire career. When you push aside the media sensationalism, it was a regrettable episode at the tail end of a life of dedicated public service. Tom is a religious man. He attended Chaminade High School. He is seventy eight years old and in his twilight years. In summary, I believe Mr. Spota is a good man that should be treated by the judicial justice system with leniency.

The public will not be served by incarcerating Mr. Spota. Please give him all possible consideration of his entire life and administer justice in a merciful, fair and judicious manner. Thank you for your consideration.

Respectfully submitted,

Michael M. McClellan, Esq.
320 Carleton Avenue, Suite 6800
Central Islip, NY 11722
(631) 761-5999

# EXHIBIT 74

*James J. & Mary McCormick*

_____

█████████████████████████

*January 20, 2020*

*The Honorable Joan M.Azrack*
*United States District Judge*
*United States Courthouse*
*100 Federal Plaza*
*Central Islip, New York 11722*

*Dear Judge Azrack,*

*As Tom Spota's brother-in-law I have known him for some 60 years and, in my opinion, Tom Spota's DNA and his family's DNA does not carry any of the genes alluded to in his recent trial. I was unable attend the trial due to some physical restrictions. However, my wife Mary, Tom's sister, was there for most of the trial and it has become a severe strain on her, emotionally and physically. The person portrayed at the trial is not the brother she knows.*

*Tom, to me, has been always been straightforward, honest and above-board in those 60 years. You can see it in his son and two daughters.One of those daughters is an attorney. This is as a result of her father's influence from the family DNA and traits mentioned above.Tom lives for his wife, family and grandchildren.*

*My wife and I respectfully request that Your Honor take into consideration Tom's exemplary career as an attorney and prosecutor, and his personal characteristics, when deciding his future.*

*Respectfully,*

*James J. McCormick*            *Mary Spota McCormick*

# EXHIBIT 75

February 4, 2020

The Honorable Joan M. Azrack
United States District Judge
United States Courthouse
100 Federal Plaza
Central Islip, N.Y. 11722

Dear Judge Azrack:

I am a retired prosecutor from the Suffolk County District Attorney's Office. I retired in 2018. I have served under three district attorneys. I previously held the positions of Deputy Bureau Chief of the Child Abuse and Domestic Violence Bureau and Major Crimes Bureau under Thomas Spota's administration.

As a prosecutor I have prosecuted thousands of criminal cases and appeared before many judges at the sentencing of defendants. I witnessed many judges discuss the letters they received in support of a defendant at sentencing. Never did I believe that one day I would be writing a letter to ask a court for leniency for someone, but I feel it is important to do so now.

I would like to take this opportunity to tell you about Thomas Spota, a very kind and generous man. I am personally aware of two examples of his kindness and caring towards his employees while serving as Suffolk County District Attorney.

The first instance involved an assistant district attorney who was going through ██████████ ████████████████████████ When Mr. Spota became aware of the situation, he agreed to accept personal service of the ████████████████████████. I was so moved by his kind gesture.

The second instance involved another assistant district attorney who had a number of sudden changes in her personal life. █████████████████████████████████████████████████████ ██████████████████████████████████████████. Mr. Spota allowed her to work part time in an effort to help her situation. Part time employment was not a policy of the District Attorney's Office at that time, but Mr. Spota went out of his way to help the assistant. It was a very kind gesture in an effort to help someone who was in dire straits.

While I could have written about Mr. Spota's numerous accomplishments as an attorney and prosecutor, I felt Your Honor should know of some of the acts of kindness he has privately done on behalf of others. It is my hope that you take such actions by Thomas Spota into consideration and extend leniency towards him at the time of sentencing. I respectfully ask the Court to impose the minimum sentence allowed by law.

Respectfully,

Denise Merrifield